IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DIMITRIUS BASHIR ELLIS,** : | |
|     **Plaintiff,** : | |
| : | |
| **v.** : | **CIVIL ACTION NO. 24-CV-6741** |
| : | |
| **PRIME CARE MEDICAL, INC.,** *et al.*, : | |
|     **Defendants.** : | |

## MEMORANDUM

**YOUNGE, J.**                                                                                                                   **JANUARY 3, 2025**

Plaintiff Dimitrius Bashir Ellis, a convicted and sentenced parole violator,[1] initiated this civil action by filing a *pro se* Complaint against Prime Care Medical, Inc., the Lehigh County Jail, and two Lehigh County Jail employees, Cliff Knappenberger and Josh Leadbetter, asserting constitutional claims pursuant to 42 U.S.C. § 1983. (ECF No. 2.) Ellis seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Ellis leave to proceed *in forma pauperis* and dismiss his Complaint upon screening.

---

[1] Ellis does not allege whether he was held as a pretrial detainee or as a convicted prisoner at the time of the events described in the Complaint. However, according to the state court dockets, Ellis pled guilty to receiving stolen property on June 24, 2019 and was granted immediate parole. *See Commonwealth v. Ellis*, CP-39-CR-0000790-2019 (C.P. Lehigh). On April 26, 2021, Ellis was found to have violated the conditions of his parole, and he was required to serve the remaining balance of his sentence at Lehigh County Jail, to be followed by one year of probation. (*Id.*) Ellis is currently incarcerated at the Lehigh County Jail awaiting a revocation decision with his Gagnon II Hearing currently scheduled for January 3, 2025. (*Id.*)

1

## I.   FACTUAL ALLEGATIONS[2]

The allegations in Ellis's Complaint are brief.  Ellis alleges that on April 17, 2024, Cliff Knappenberger issued a misconduct against him for "'[e]ngaging/[e]ncouraging a group activity without prior approval & conspiracy to commit [a]ggravated [a]ssault' when an inmate was stabbed on 2C in Lehigh County Jail."  (*See* ECF No. 2 ("Compl.") at 4.)  Ellis avers that he was wrongfully accused of "orchestrating an attack on inmate Cesar Ruiz" and asserts that he does "not know that inmate any where outside or inside of jail."  (*Id.*)  Ellis contends that he was found guilty "for a situation that [he] wasn't involved in" and sentenced to sixty days of segregation, from May 9, 2024 through July 6, 2024.  (*Id.*)  Ellis asserts that he requested proof of his involvement, but nothing was provided to him.  (*Id.*)  He seeks an unspecified amount of monetary damages.  (*Id.*)

## II.   STANDARD OF REVIEW

The Court will grant Ellis leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to

---

[2] The facts set forth in this Memorandum are taken from Ellis's Complaint (ECF No. 2).  The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system. Additionally, the Court includes facts reflected in publicly available state court records, of which this Court may take judicial notice.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[3] However, as Ellis is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Ellis is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.    DISCUSSION**

Ellis brings claims pursuant to § 1983, the vehicle by which federal constitutional claims may be brought against state actors in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

   **A.    Claims Against Prime Care Medical, Inc.**

Ellis names Prime Care Medical, Inc. as a Defendant but does not assert any allegations against it. Prime Care, as the private corporation under contract to provide medical services at Lehigh County Jail, may be liable under § 1983 in certain circumstances. However, the United States Court of Appeals for the Third Circuit has held that "a private health company providing

3

services to inmates 'cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability.'" *Sims v. Wexford Health Sources*, 635 F. App'x 16, 20 (3d Cir. 2015) (*per curiam*) (quoting *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003)).  Rather, in order to hold a private health care company like Prime Care liable for a constitutional violation under § 1983, Ellis must allege the provider had "a relevant . . . policy or custom, and that the policy caused the constitutional violation [he] allege[s]." *Natale*, 318 F.3d 575, 583-84 (citing *Bd. of the Cty. Comm'rs of Bryan Cty., Oklahoma v. Brown*, 520 U.S. 397, 404 (1997)); *see also Lomax v. City of Philadelphia*, No. 13-1078, 2017 WL 1177095, at *3 (E.D. Pa. Mar. 29, 2017) ("Because [defendant] is a private company contracted by a prison to provide health care for inmates, . . . it can only be held liable for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs.") (citations and quotations omitted).  "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009).  Ellis has not identified any policy or custom of Prime Care that caused him to be deprived of proper care or that caused any other constitutional deprivation.  Accordingly, any claim against Prime Care is not plausible.

      **B.**      **Claims Against Lehigh County Jail**

Ellis names Lehigh County Jail as a Defendant.  The Court will dismiss with prejudice any claims he attempts to lodge against Lehigh County Jail because a prison is not a "person" under Section 1983.  *Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010); *Miller v. Curran-Fromhold Corr. Facility*, No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cnty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976)).  In any event, even if Ellis had sued the correct municipal entity,

4

he has not stated a claim because he has not alleged that a municipal policy or custom caused the constitutional violation of which he complains. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

### C.     Claims Against Josh Leadbetter

While Ellis lists Josh Leadbetter as a Defendant in his Complaint, he asserts no allegations against this individual. "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct." (quoting *Iqbal*, 556 U.S. at 677) (emphasis in original)); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). Because Ellis does not allege how Defendant Leadbetter was personally involved in a violation of his constitutional rights, any claims against him are not plausible and will be dismissed.

### D.     Claims Against Cliff Knappenberger

Ellis brings a claim against Knappenberger for falsely charging him with disciplinary infractions that resulted in Ellis having to serve sixty days in segregation. His allegations on this point are best construed as a due process claim. It is well-settled that prisoners have no inherent constitutional right to any particular security classification or to any particular housing assignment. *See Wilkinson v. Austin*, 545 U.S. 209, 221-22 (2005) ("We have held that the

Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement."). Rather, in the prison context, "[d]ue process protection for a state created liberty interest is . . . limited to those situations where deprivation of that interest 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). "[C]onfinement in administrative or punitive segregation will rarely be sufficient, without more, to establish the kind of 'atypical' deprivation of prison life necessary to implicate a liberty interest." *Smith v. Mensinger*, 293 F.3d 641, 653 (3d Cir. 2002) (quoting *Sandin*, 515 U.S. at 486).

"When considering whether an inmate's placement in segregated housing triggers a legally cognizable interest courts should consider: (1) the amount of time spent in segregation; and (2) whether the conditions of segregation were significantly more restrictive than those imposed on other inmates in segregation." *Allah v. Bartkowski*, 574 F. App'x 135, 139 (3d Cir. 2014) (*per curiam*) (citing *Shoats v. Horn,* 213 F.3d 140, 144 (3d Cir. 2000)). In *Sandin*, the Supreme Court concluded that placement in disciplinary segregation for thirty days did not deprive the inmate of a protected liberty interest. *See Sandin*, 515 U.S. at 486. The United States Court of Appeals for the Third Circuit has held that "[p]lacement in administrative segregation for days or months at a time . . . do[es] not implicate a protected liberty interest." *Arango v. Winstead*, 352 F. App'x 664, 666 (3d Cir. 2009) (*per curiam*) (citing *Torres v. Fauver*, 292 F.3d 141, 150 (3d Cir. 2002).

Here, Ellis alleges that he was held in administrative segregation for sixty days. (*See* Compl. at 4.) That is not the type of atypical or significant hardship sufficient to trigger due process concerns. *See Smith*, 293 F.3d at 654 (no liberty interest triggered by seven-month

placement in disciplinary confinement); *Griffin v. Vaughn*, 112 F.3d 703, 708 (3d Cir. 1997) (holding that "exposure to the conditions of administrative custody for periods as long as 15 months falls within the expected parameters of the sentence imposed [. . .] by a court of law" and does not constitute a due process violation (quotation omitted)); *see also Williams v. Armstrong*, 566 F. App'x 106, 108 (3d Cir. 2014) (*per curiam*) (prisoner failed to allege liberty interest based on four-month placement in the RHU); *Williams v. Bitner*, 307 F. App'x 609, 611 (3d Cir. 2009) (*per curiam*) (no liberty interest triggered by 90-day placement in disciplinary segregation). Since Ellis's sixty-day placement in administrative segregation is not sufficient to establish the kind of "atypical" deprivation of prison life that would trigger due process protections, the due process claim against Defendant Knappenberger does not give rise to a plausible basis for a constitutional claim.

Furthermore, "the filing of a fraudulent misconduct report and related disciplinary sanctions do not without more violate due process," *Seville v. Martinez*, 130 F. App'x 549, 551 (3d Cir. 2005) (*per curiam*), as "[d]ue process is satisfied where an inmate is afforded an opportunity to be heard and to defend against the allegedly false misconduct reports." *Thomas v. McCoy*, 467 F. App'x 94, 97 (3d Cir. 2012) (*per curiam*); *see also Smith*, 293 F.3d at 654 ("[S]o long as certain procedural requirements are satisfied, mere allegations of falsified evidence or misconduct reports, without more, are not enough to state a due process claim."). Thus, to state a plausible claim based on the filing of the misconduct report, Ellis must allege that he was denied an "opportunity to confront and challenge the allegedly perjured testimony offered in support of the misconduct reports." *See Smith*, 293 F.3d at 654. Ellis does not specifically allege that he was denied an opportunity to challenge the allegedly false misconduct report. Rather, Ellis asserts that he submitted a grievance on April 20, 2024 requesting screenshots as proof that he

"orchestrat[ed] an attack" but was instead told to "follow the misconduct appeal process." (Compl. at 3.) It appears, therefore, that Ellis had the opportunity to challenge and confront the allegedly false misconduct report, satisfying the procedural due process requirements. *See Thomas v. McCoy*, 467 F. App'x 94, 97 (3d Cir. 2012) (*per curiam*) ("Due process is satisfied where an inmate is afforded an opportunity to be heard and to defend against the allegedly false misconduct reports."). Accordingly, Ellis's due process claims against Defendant Knappenberger based on the allegedly false misconduct report will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Ellis leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Ellis will not be given leave to file an amended complaint because the Court concludes that amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An Order follows, which dismisses this case.

BY THE COURT:

 /s/ John Milton Younge
JOHN M. YOUNGE, J.